UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEROY W. FRAZIER, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00389-JPH-MG |
| | ) |
| STATE OF MARYLAND, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Leroy Frazier is a prisoner currently incarcerated at Putnamville Correctional Facility. He filed this civil action alleging that government officials in the state of Maryland have stolen money from him. Because Mr. Frazier is incarcerated, this Court must screen the complaint before service on the defendant. 28 U.S.C. § 1915A(a), (c).

**I.     Pending Motions**

Mr. Frazier's motion to proceed *in forma pauperis,* dkt. [8], is **granted**. Although he is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee."). The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

1

Mr. Frazier's motion to reopen this action, dkt. [7], is **denied as unnecessary**. This action was never closed.

## II.     Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III.     The Complaint

Mr. Frazier names the state of Maryland as the sole defendant and seeks $5 million in damages. His complaint is as follows:

> I was committed to juvenile justice and people who worked for the state of Maryland stole birthright and inheritance filed a lawsuit and notice of tort in my name and kept the money. As well as chargeing my mother child support while I was committed. The lawsuits have been filed continuously in my name throughout the

2

> years and the money has been stolen. Inheiratance, trust funds, and estates. Please look into this. As well as misusing continuous transmitted frequency and telemetry to torture me and try to kill me.

Dkt. 2 at 2 (errors in original).

### IV. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted and as frivolous.

As an initial matter, this case was improperly filed in this district. When jurisdiction is not founded solely on diversity, venue is proper only in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). All of the complained-of activities occurred in Maryland, and it is therefore the proper venue under § 1391(b)(2).

Normally, the Court would transfer the case to a proper district or division in Maryland. But to do so is unnecessary because the complaint must be **dismissed** for failure to state a claim upon which relief can be granted and because his claims are frivolous.

First, "a state and its agencies are not suable 'persons' within the meaning of section 1983[.]" *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir.

3

2012). Because Mr. Frazier has named only the state of Maryland, he has failed to name a defendant who may be sued for damages.

Second, Mr. Frazier's claims are dismissed as frivolous. A complaint may be dismissed as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An allegation is frivolous when it is "clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (cleaned up). His allegation that government officials in Maryland stole various inheritances and his "birthright" by filing tort claims in his name, and that officials are using some sort of frequencies to torture him, lack a basis in law or fact.[1]

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### V. Conclusion and Opportunity to Show Cause

Mr. Frazier's motion to reopen this action, dkt. [7], is **denied** because the action was never closed. His motion to proceed *in forma pauperis*, dkt. [8], is **granted**. No initial partial filing fee is due.

Mr. Frazier's complaint must be dismissed for each of the reasons set forth above. He has **through October 28, 2024,** in which to show cause why

---

[1] Additionally, to the extent that Mr. Frazier alleges that money was unlawfully seized from him as a child, the Court takes judicial notice of the Indiana Department of Correction's website, which shows that Mr. Frazier was born in 1986. *See* Indiana Dep't of Corr., "Incarcerated Data," https://www.in.gov/apps/indcorrection/ofs/. It is likely that any claim arising from when he was a minor would be long barred by Maryland's three-year statute of limitations for claims brought under Section 1983. *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 9/30/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LEROY W. FRAZIER, III
296914
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only